UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a The Aetna Casualty and Surety Company)<br><br>Plaintiffs,<br><br>v.<br><br>KS BEARINGS INC. (f/k/a KS Engine Bearings), and ABC CORPORATIONS 1-100,<br><br>Defendants. | Case No. 1:07-CV-02942 (PKC) (ECF CASE)<br><br>Civil Action<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiffs The Travelers Indemnity Company and Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) (collectively "Travelers"), by way of Complaint against defendants KS Bearings Inc. (formerly known as KS Engine Bearings) ("KS Bearings"), and under fictitious names ABC Corporations 1-100 (collectively "Defendants"), say:

INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 to determine and resolve questions of actual controversy involving insurance policies issued by or allegedly issued by Travelers to Gulf + Western Inc., Gulf & Western Inc., Gulf & Western Industries, Inc. (collectively "G&W") or to Universal American Corporation ("Universal"), both of which are predecessors in interest and/or affiliated companies of CBS Operations Inc. (formerly known as Viacom International Inc.) (collectively, "Viacom") and arising out of a claim involving environmental pollution and potentially other

358966_2

claims involving environmental pollution at various other sites (the "Environmental Claims") asserted by KS Bearings.

2. Because KS Bearings has tendered a claim to Travelers seeking insurance coverage for at least one of the Environmental Claims, a justiciable case and controversy exists concerning Travelers obligations, if any, under the terms, conditions and exclusions contained within any and all insurance policies issued by Travelers to G&W and/or Universal.

## THE PARTIES

3. At all relevant times, The Travelers Indemnity Company and Travelers Casualty and Surety Company each are and have been organized under the laws of the State of Connecticut, have and have had their principal place of business in the State of Connecticut and are and have been licensed and/or authorized to engage in the business of insurance and conduct such business in the State of New York.

4. Upon information and belief, KS Bearings is a corporation organized under the laws of the State of Delaware with its principal place of business in Greensburg, Indiana.

5. ABC Corporations 1-100 are other entities who are presently unknown to Travelers but may have some responsibility, either in whole or in part, for the Environmental Claims and the alleged liabilities arising there from, including but not limited to other insurance companies.

## JURISDICTION AND VENUE

6. There is an actual controversy among the parties relating to their respective rights and obligations under the insurance policies allegedly issued by Travelers in

358966_2-

connection with the Environmental Claims. Travelers seeks a declaration of these rights and obligations, and the alleged amount at issue is in excess of $75,000.

7. Viacom has asserted that it has rights to the Policies (as defined below), and the majority of the Policies issued to G&W were issued in New York. Viacom maintains its principal place of business in New York City and, upon information and belief, the corporate transactions involving Viacom's divestiture of defendant KS Bearings were made, either in whole or in part, from Viacom's principal place of business in New York.

8. For the reasons set forth herein, jurisdiction and venue in this Court are proper as to the parties and this Complaint under 28 U.S.C. §§1332 and 1391.

## THE INSURANCE POLICIES

9. KS Bearings has alleged that it is entitled to insurance coverage under certain policies of insurance that Travelers issued to G&W and/or Universal (collectively policies issued or allegedly issued to G&W or Universal by Travelers shall be referred to herein as "Policies").

## THE ALLEGED ENVIRONMENTAL CLAIMS

10. Despite the fact that KS Bearings is no longer affiliated with Viacom, it has alleged that it is entitled to insurance coverage under the Policies because, at certain points, it was affiliated with Viacom and purportedly has obtained rights from Viacom, either as a matter of fact or law, to insurance coverage under the Policies.

11. KS Bearings has identified a former manufacturing plant in Greensburg, Indiana as a site where the Indiana Department of Environmental Management has informed KS Bearings that it may be responsible for the investigation and remediation of environmental

358966_2-

contamination as a result of the release of hazardous substances, pollutants, and contaminants from its manufacturing operations.

12. KS Bearings has tendered an Environmental Claim regarding the Greenberg, Indiana site to Travelers and, upon information and belief, there may be additional Environmental Claims that KS Bearings will assert against Travelers.

FIRST COUNT
(Declaratory Judgment)

13. Travelers repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14. The terms, conditions and exclusions of the Policies govern who is entitled to insurance coverage and whether the Environmental Claims identified by KS Bearings are covered under such Policies.

15. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the claims have been asserted against and/or are attributable to individuals or organizations that do not qualify as an "insured" or "named insured" as those terms are used in the Policies.

16. The Policies provide coverage only for "damages" as a result of "property damage" which took place during the policy period and which was caused by an "occurrence" as those terms are defined in the respective Policies.

17. The Policies do not provide coverage for certain of the Environmental Claims to the extent the Environmental Claims arise, in whole or in part, from damage to property owned, occupied, used or rented by, or within the care, custody or control of KS Bearings as those terms are used in the Policies.

358966_2-

18. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the Environmental Claims include claims for punitive damages, fines or penalties against KS Bearings.

19. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the claims arise, in whole or in part, out of the willful violation of a statute or ordinance committed by or with the knowledge or consent of KS Bearings.

20. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the acts or failures to act that gave rise to some or all of the claims were in violation of law and/or public policy.

21. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings failed to comply with the notice provisions of the Policies.

22. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings knew or reasonably should have known that there was a substantial probability of a loss prior to the issuance of the respective Policies.

23. The Policies do not provide coverage for the Environmental Claims to the extent that there is other valid and collectible insurance available to KS Bearings issued by, upon information and belief, ABC Corporations 1-100.

24. Certain of the Policies do not provide coverage for the Environmental Claims to the extent that the limits of liability of the potentially applicable Policies have been or will be exhausted by other claims.

25. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings failed to mitigate, minimize or avoid any damage it allegedly caused.

26. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings promised to pay or voluntarily made a payment of sums in settlement of claims.

27. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings failed to satisfy conditions precedent set forth in the Policies.

28. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings failed to take, at its own expense, all reasonable steps to prevent other damage arising out of the same or similar conditions.

29. The Policies do not provide coverage for the Environmental Claims to the extent that KS Bearings failed to perform all other conditions and obligations which the respective Policies require it to perform in order to potentially access coverage.

30. To the extent that KS Bearings can prove that it is an insured under any Policy, KS Bearings is not entitled to coverage unless it can prove the existence, terms, conditions, exclusions, endorsements and limits of such Policy.

31. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the claims involve alleged losses that were in progress and/or that were known to KS Bearings at the time the respective Policies were issued.

32. The Policies do not provide coverage for the Environmental Claims to the extent some or all of the matters for which KS Bearings seeks coverage are barred by waiver, estoppel, laches or the running of the applicable statute of limitations.

33. The Policies do not provide coverage for the Environmental Claims to the extent that some or all of the matters for which KS Bearings seeks coverage are barred by a pollution exclusion as set forth in the respective Policies.

34. Travelers does not have a duty to defend any Environmental Claims that are not "suits" within the meaning of the Policies.

35. The Policies do not provide coverage for Environmental Claims to the extent the claims, in whole or in part, are barred by definitions, exclusions, endorsements and/or other terms contained in the Policies.

36. Any claims under the Policies are subject to the respective limits of liability contained in each Policy, as well as any retained limits, self-insured retention, or retrospective premiums contained therein..

37. The Policies do not provide coverage for the Environmental Claims to the extent some or all of KS Bearings' alleged liabilities for which it asserts coverage under the Policies have been assumed pursuant to contracts or agreements.

38. To the extent that this Court determines, if at all, that KS Bearings has rights under the Policies and that insurance coverage insurance exists under any or all of the Policies for some or all of the Environmental Claims at issue in this action, then Travelers seeks a declaration from the Court of the appropriate allocation of responsibility for defense costs and/or indemnity payments in connection with such Environmental Claims under applicable law.

WHEREFORE Travelers respectfully requests that this Court determine and declare in its favor and against defendant KS Bearings that:

(a) Travelers is not obligated to defend, pay or contribute to KS Bearings' defense of any of the Environmental Claims, that Travelers is not liable to pay or indemnify KS Bearings for any damages, costs and payments incurred or to be incurred by it with respect to the Environmental Claims and that KS Bearings does not have the right to any other recovery with respect to the Policies;

(b) should this Court determine that insurance coverage exists under any or all of the Policies for some or all of the Environmental Claims, that this Court will properly allocate Travelers responsibility for defense costs and/or indemnity payments under applicable law;

(c) Travelers is entitled to the costs incurred in connection with this action, including but not limited to reasonable attorneys' fees; and

(d) Any and other such relief which shall be afforded to Travelers as this Court may deem just and proper.

Dated: April 11, 2007
Morristown, New Jersey

Stephen V. Gimigliano (SG-8570)
Robert W. Mauriello, Jr. (RM-0850)
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Plaintiffs
The Travelers Indemnity Company and
Travelers Casualty and Surety Company

358966_2-